**UNITED STATES of America,**
**Appellee,**

v.

**Larry W. ALSTON, Defendant–**
**Appellee,**

Quaine WILLIAMS, Defendant.

Docket No. 02–1111.

United States Court of Appeals,
Second Circuit.

Sept. 20, 2002.

Thomas H. Nooter, New York, NY, for Defendant–Appellant.

Adam B. Siegel, Assistant United States Attorney for the Southern District of New York, N.Y. (James B. Comey, United States Attorney, Meir Feder, Assistant United States Attorney, on the brief), for Appellee.

Present JACOBS, and VAN GRAAFEILAND, Circuit Judges, and TRAGER, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Larry W. Alston appeals from his conviction by the United States District Court for the Southern District of New York (Koeltl, J.). Counts One and Two of the indictment charged Alston with distributing and possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841. Count Three charged conspiracy to possess narcotics with an intent to sell, in violation of 21 U.S.C. §§ 846. A jury convicted Alston on Count Two and acquitted him on Counts One and Three. He was sentenced to a prison term of 78 months, followed by a term of supervised release of three years, and a mandatory special assessment of $100.

1. Alston challenges the district court's consideration of the two counts for which he was acquitted in determining his base offense level under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). Alston acknowledges that his claim is doomed under governing precedent holding that the Guidelines permit a sentencing court to include charges for which a defendant was acquitted in determining the base offense level. *See United States v. Concepcion,* 983 F.2d 369, 387 (2d Cir.1992); U.S.S.G. § 1B1.3(a). However, he asks us to revisit our holding in that case. This court previously rejected an application to rehear *Conception* in banc, and this panel will not revisit the issue now. *See id.* at 395.

In *Concepcion,* we expressly recognized the district court's authority to depart downward to mitigate the increased sentence resulting from its consideration of acquitted conduct. *See id.* at 388; U.S.S.G. § 5k2.0 (quoting 18 U.S.C. § 3553(b)). However, the refusal to depart downward (as here) is not reviewable unless "the court misapprehended its authority." *United States v. Brown,* 98 F.3d 690, 692 (2d Cir.1996). The sentencing court's decision is presumptively sound unless the record contains "clear evidence of a substantial risk" that the judge misunderstood the scope of his authority. *Id.* at 694. Here, the district court expressly recognized that it could depart downwards, but refused to do so after due consideration of all the facts and circumstances.

2. The district court made an upward adjustment for obstruction of justice. Alston challenges that ruling on the ground

* The Honorable David G. Trager of the United States District Court for the Eastern District of New York, sitting by designation.

that the district court's findings of perjury are inconsistent with his acquittal on two of the three charges in the indictment. The court found that Alston had committed perjury on five material issues: [i] denying meeting Fantuzzi between June 6, 2000, and the date of his arrest, [ii] denying that he sold cocaine, [iii] denying any dealings with Williams other than to purchase marijuana, [iv] denying his presence at any meetings where Fantuzzi purchase drugs, except the June 6, 2000 meeting, and [v] providing a false explanation for his involvement in the June 6, 2000 meeting.

As an initial matter, at least three of the findings do not run counter to the jury verdict because Alston was convicted for his part in the June 6, 2000 transaction. Moreover, while he was acquitted on the counts for conspiracy and for the October 19, 2000 transaction, the standard of proof for the purposes of sentencing is a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 156–57, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *United States v. Cordoba–Murgas*, 233 F.3d 704, 708 (2d Cir.2000). There was sufficient evidence for the sentencing court to find by a preponderance of the evidence that Alston had taken part in the January 7, April 25, June 6, and October 19 transactions (and unlawfully denied his participation in them), even if his participation was not proved beyond a reasonable doubt.

3. Alston challenges the court's refusal to grant a downward departure under U.S.S.G. § 3B1.2 for his purportedly "minor" role in the criminal scheme. Downward departure under this section is available only where the defendant "played a minor role in comparison to the average participant in such a drug crime." *United States v. Ajmal*, 67 F.3d 12, 18 (2d Cir. 1995). The court's application of the Guidelines is given "due deference," and

its findings of fact may not be disturbed absent clear error. *United States v. Franklyn*, 157 F.3d 90, 97 (2d Cir.1998) (citation and internal quotation marks omitted). , Given our deference, and the preponderance standard that applies, we see no error.

4. Finally, Alston challenges his conviction on the ground that the uncorroborated and inconsistent testimony of Fantuzzi, upon which his conviction was almost exclusively based, was legally insufficient to sustain a conviction beyond a reasonable doubt.

Alston was convicted for his participation in the sale of narcotics on June 6, 2000. The jury heard the audio-tape of that transaction, as well as both Alston's and Fantuzzi's conflicting explanations for their statements. After weighing the evidence, the jury plainly chose to believe Fantuzzi's testimony. We view the evidence in the light most favorable to the government, and draw all reasonable inferences in its favor, in determining whether the record could support guilt beyond a reasonable doubt. *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000). The absence of corroboration speaks only to the weight to be given to testimony, not its sufficiency. *United States v. Parker*, 903 F.2d 91, 97 (2d Cir.1990). It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

For the reasons set forth above, the judgment of the district court is **AFFIRMED.**